FILED
05/13/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DUKE JIMENEZ,  )
          Petitioner,  ) Civ. Case No. ~~Unassigned~~ 2:24-cv-177-JRS-MKK
            )
v.  )
            )
COLETTE PETERS - DIRECTOR OF  ) ATTACHED REQUEST FOR A
THE FEDERAL BUREAU OF PRISONS,  ) PRELIMINARY INJUNCTION
          Respondent.  )

COMES NOW, Duke Jimenez, the Petitioner in this action, and does hereby submit this Attached Request for a Preliminary Injunction. For the reasons discussed herein, this request should be granted.

## Legal Standard

"A preliminary injunction provides an extraordinary form of relief, available only when a party makes a clear showing that the case demands it. See Orr v. Shicker, 953 F.3d 490, 501-02 (7th Cir. 2020). "As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has 'no adequate remedy at law' and will suffer 'irreparable harm' if preliminary relief is denied." Cassell v. Snyders, 990 F.3d 539, 544-45 (7th Cir. 2021)(quoting Abbott Lab'ys. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992)). If a plaintiff makes such a showing, the court then weighs the relative harm the parties will suffer with or without an injunction and considers whether an injunction is in the public interest. Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)". (quoting Bail Project, Inc. v. Comm'r, Ind. Dept. of Ins., 76 F.4th 569 (7th Cir. App. 2023).

The originating action includes claims that the Plaintiff has a right as a prisoner to actively program during his entire period of incarceration, and that the FBOP Director has a duty to provide for this right. The final claim is that the cessation and closure of the Challenge Program in Terre Haute USP would irreparably

(1)

harm the Plaintiff and scores of other inmates by preventing active programming while in Terre Haute USP. These claims are based off of the clear statutory language of the First Step Act 2018 and the indisputable fact that the majority of other psychology programs have ridiculously lengthy wait times to begin programming. This also creates a gross disparity of hours gained towards programming once they finally begin, versus time spent waiting to actually begin programming.

Since these claims are so straightforward, and based off of clear statutory language of the FSA, the Petitioner believes he has a strong likelihood of succeeding on the merits, thereby meeting the first prong.

As for the second prong, the Challenge Program has a set closure date of June 25, 2024, but many programming inmates will be removed from the Challenge Program prior to this date. There have already been at least 7 inmates moved to other units as of the date of this filing. Due to this, there is no other adequate remedy at law other than a preliminary injunction to temporarily halt the closure of the Challenge Program until these proceedings can be fully adjudicated. Without a preliminary injunction, the Plaintiff, and many other inmates at Terre Haute USP will suffer the irreparable harm of not being able to program based on their specific criminogenic needs during a significant portion of their terms of incarceration, possibly years. This also has a public safety interest, as the program in question is a Congressionally recognized Evidence-Based Recidivism Reduction Program. This means that the longer programming is unavailable to the Plaintiff and other Terre Haute inmates, the higher the risk of recidivism upon release is. As for potential harm to the opposing party, not closing Challenge Program will create some logistical issues, due to the BOP's plans for their new "Pathway" program. However, this program could always be placed in Unit E1 or Unit A2 instead of C2. These logistical issues do not outweigh the Plaintiff's interests in the right to actively program, or the public's interest in having as many inmates as possible participate in EBRR programming.

## Conclusion & Requested Relief

For the reasons discussed herein, the Plaintiff believes he has met the standard for a preliminary injunction. He therefore respectfully requests this Honorable Court to Order the Director of the Bureau of Prisons to temporarily halt the closure of the Challenge Program until final arbitration of all controversies is complete.

Date: 5/8/2024

Respectfully Submitted,

Duke Jimenez